IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REGINALD BLOUNT,

    Petitioner,                    No. CIV S-08-1396 EFB P

    vs.

CHET P. TEMPLETON,

    Respondent.                ORDER TO SHOW CAUSE

_____/

Petitioner, proceeding without counsel, has filed an application for a writ of habeas corpus and an application to proceed *in forma pauperis*.[1] *See* 28 U.S.C. §§ 2241, *et seq*. Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, petitioner's request for leave to proceed *in forma pauperis* is granted. However, for the reasons explained below, petitioner is ordered to show cause why his habeas application should not be dismissed as moot, as violative of the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), and as duplicative of and/or successive to a related habeas petition previously filed in this court.

////

---

[1] This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. L.R., Appx. A, at (k)(1)-(2).

1

I.      Mootness

When petitioner filed his application for federal habeas relief he was confined in the Sacramento County Jail awaiting trial.  Because he was not in custody "pursuant to the judgment of a State court" at the time he filed his habeas application, the application seeks habeas relief under 28 U.S.C. § 2241(c)(3), rather than 28 U.S.C. § 2254.  *See McNeeley v. Blanas,* 336 F.3d 822, 824 n. 1 (9th Cir. 2003); *Carden v. State of Montana*, 626 F.2d 82, 83 (9th Cir. 1980).  In the application, petitioner challenges the effectiveness of his counsel during pretrial proceedings in Sacramento Superior Court case number 08F01413 and seeks an order dismissing the charges which were pending in the state court at the time he filed his application.  Pet. at 9.

After filing his habeas application, petitioner filed a notice of change of address indicating that petitioner has been transferred to the Deuel Vocational Institution and revealing that petitioner has been assigned a prison identification number.  It is unclear whether this transfer and assignment of a prison identification number are related to the charges about which petitioner complains (those in Sacramento Superior Court case number 08F01413), especially since a review of the Sacramento Superior Court's website reveals that those charges appear to have been dismissed.  Regardless, it seems that the charges petitioner seeks to have dismissed are no longer pending and that therefore his habeas application is moot.

Under Article III of the federal Constitution, a federal court has jurisdiction to entertain a matter only if there is a "case or controversy."  A petitioner must have suffered an actual injury that is traceable to the respondent and can be redressed by a favorable decision.  *Spencer v. Kemna*, 523 U.S. 1, 8, 14 (1998).  An action becomes moot, and a federal court thus loses jurisdiction over it, when the issues no longer are live, i.e., when the parties lack a legally cognizable interest in the outcome.  *Powell v. McCormack*, 395 U.S. 486, 496  (1969).  Here, petitioner seeks an order from this court directing a state trial court to dismiss criminal charges pending against him.  In addition to the court's concerns about the *Younger* abstention doctrine, as discussed below, it appears the court could not grant such relief because the charges about

which petitioner complains are no longer pending. Whether the charges are or were supported by probable cause and whether they could be supported by the evidence are no longer at issue. Therefore, it seems that this matter is moot since there is no relief this court could grant on this habeas application. *See Picrin-Peron v. Rison*, 930 F.2d 773, 775-76 (9th Cir. 1991).

It is true that a federal court may entertain a case that is moot if the matter is "capable of repetition yet evading review." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). This exception to the mootness doctrine applies when the challenged action is of a duration too short to be fully litigated prior to its cessation and there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985). Here, petitioner challenges the effectiveness of his counsel during pretrial proceedings. Because it appears that the charges against petitioner are no longer pending, it is not reasonable to expect that petitioner will be subjected to the challenged conduct again. Moreover, although it appears that the relief petitioner seeks in this § 2241 application can no longer be granted, petitioner may still be able to seek review of his claims under 28 U.S.C. § 2254 (after exhaustion of his state remedies). Therefore, the "capable of repetition yet evading review" exception likely does not apply, and petitioner shall show cause why this action should not be dismissed as moot.

II.     *Younger* Abstention

It also appears that the court could not entertain petitioner's habeas application (seeking an order to the state court to dismiss the state prosecution) even if it remained live. Federal courts will not enjoin a pending state court criminal prosecution except under extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Pursuant to *Younger*, a federal court should abstain from exercising jurisdiction where there are ongoing state proceedings that implicate an important state interest and in which there is adequate opportunity to raise federal questions. *Goldie's Bookstore, Inc. v. Super. Ct. of Cal.*, 739 F.2d 466, 469 (9th Cir. 1984). California's interest in

enforcing its criminal laws is unquestionable. *See Engle v. Issac*, 456 U.S. 107, 128 (1982) ("Federal intrusions into state criminal trials frustrate both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights."). Assuming the state proceedings are still ongoing, petitioner has not demonstrated the existence of extraordinary circumstances that would warrant interference in those proceedings. Therefore, petitioner shall show cause why this action should not be dismissed pursuant to the *Younger* abstention doctrine.

III.     Duplicative of/Successive to Another Habeas Petition

Additionally, on the same day but shortly before petitioner filed the habeas application at issue herein, petitioner filed a separate habeas application challenging the criminal proceedings in Sacramento Superior Court case number 08F01413. *See Blount v. Sacramento Dist. Ct.*, Case No. 2:08-cv-1395-JAM-GGH (E.D. Cal. June 16, 2008). That habeas application has since been dismissed pursuant to the *Younger* abstention doctrine. Petitioner shall show cause why the habeas application at issue herein should not be dismissed as duplicative or and/or successive to that earlier-filed habeas application.

Accordingly, it is ORDERED that:

1. The request for leave to proceed *in forma pauperis* is granted; and

2. Within thirty days of the date of this order, petitioner shall show cause why this action should not be dismissed as moot, as violative of the *Younger* abstention doctrine, and as duplicative of and/or successive to a related habeas petition previously filed in this court, as described above.

Dated:  June 25, 2009.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE